ANDREW JERGENS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30176.   Promulgated November 21, 1951.

*William R. Seaman, Esq.*, for the petitioner.
*John O. Durkan, Esq.*, for the respondent.

OPINION.

Van Fossan, *Judge:* Several issues are presented under the statutory provisions by petitioner's claim for deductions. The respondent contends, at the outset, that the petitioner has not proved the fact of payment of the amounts he seeks to deduct. The payment of interest on the gift and income tax deficiencies and the expenses of the Tax Court and Florida litigation were made by checks drawn by the Jergens Company. The petitioner's personal account was then charged with such amounts. The respondent argues that the petitioner must suffer a cash detriment before the deduction can be allowed. The respondent's cited cases, however, do not involve instances

wherein the taxpayer's source of cash was reduced by the charges made. The petitioner here did not exchange one obligation for another, as in *Thomas Watson*, 8 T. C. 569, nor were the settlements effected by book entries with payment of cash deferred beyond the close of the taxable year, as in *Barto Co.*, 21 B. T. A. 1197. Payment was not made by the deduction of the amount from a loan which was not repaid in the taxable year, as in *Cleaver* v. *Commissioner*, 158 F. 2d 342, certiorari denied 330 U. S. 849, nor were the payments merely accrued as in *Fred W. Leadbetter*, 39 B. T. A. 629. Similar to the situation in *Rollin C. Reynolds*, 44 B. T. A. 342, petitioner's salary was credited to his personal account which was then debited in the amount the company had paid for him. Jergens' ability to withdraw cash from this account was reduced by the amount of the payments made. The debits to petitioner's personal account are considered as payments by a cash basis taxpayer when the charges do not exceed the credits included in income. *Gertrude Rosenblatt*, 16 T. C. 100. In each of the taxable years petitioner's personal account attained a credit balance after the debits were made and he suffered a cash detriment to the extent of the charges made to his account. On the facts, we cannot hold that the requisites for cash basis payments were not met.

The petitioner seeks to deduct the interest paid on tax deficiencies assessed against his wife under section 23 (b) of the Internal Revenue Code.[1] The transfer of stock to petitioner occurred in September 1939, and the respondent determined the deficiencies in 1943. By the agreement dated April 2, 1940, the petitioner agreed to pay all capital gain or profit tax, including gift tax or other Federal taxes, payable by reason of the agreement. As partial consideration therefor the petitioner's wife agreed to accept the payments provided under the agreement in full for all claims against the petitioner in connection with the sale of the stock. The petitioner paid the deficiency as he agreed to do. The payment of interest was not, however, part of the agreement and cannot be considered part of the petitioner's purchase price. The interest, all of which accrued after the transfer of the stock to the petitioner in September 1939, could have been assessed against the petitioner as the liability of a transferee and donee under sections 311 (a) (1), 1025 (a) (1), and other sections of the Internal Revenue

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*

(b) INTEREST.—All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from the taxes imposed by this chapter.

Code.² See, also, section 1009 dealing with liens for taxes. Interest on an income tax deficiency, accrued subsequent to the transfer of assets, is interest on the transferee's own indebtedness and deductible in determining the transferee's income tax. *Commissioner* v. *Breyer, Jr.*, 151 F. 2d 267, affirming *Koppers Co.*, 3 T. C. 62; *Philip D. Armour*, 6 T. C. 359. The fact that the deficiencies were determined against the transferor and that the petitioner agreed to pay these taxes does not preclude the deduction. *Koppers Co., supra.* The petitioner here did not contract to pay interest on the debt of another, as in *William H. Simon*, 36 B. T. A. 184; *Eskimo Pie Corporation* v. *Commissioner*, 153 F. 2d 301, affirming 4 T. C. 669; *Orange Securities Corporation*, 45 B. T. A. 24, affd. 131 F. 2d 662. The interest on the 1939 and 1940 deficiencies, having accrued after the petitioner received the stock from his transferor, was interest on his own debt and was properly deducted in 1944, the year in which the petitioner paid it. See *Evelyn N. Moore*, 1 T. C. 14, affd. 146 F. 2d 824.

Petitioner also seeks to deduct under section 23 (a) (2) of the Internal Revenue Code³ the 1944 attorney's fees of $10,000 and appraisal expenses of $1,524.41 incurred in contesting the deficiencies determined against his former wife. The petitioner classifies these expenditures as ordinary and necessary nonbusiness expenses incurred in the management, conservation, or maintenance of property held for the production of income. While litigation expenses paid

---

² SEC. 311. TRANSFERRED ASSETS.

(a) METHOD OF COLLECTION.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collections, and the provisions prohibiting claims and suits for refunds) :

    (1) TRANSFEREES.—The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter.

---

SEC. 1025. TRANSFERRED ASSETS.

(a) METHOD OF COLLECTION.—The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in the tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

    (1) TRANSFEREES.—The liability, at law or in equity, of a transferee of property of a donor, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed by this chapter.

³ SEC. 23. DEDUCTIONS FROM INCOME.

In computing net income there shall be allowed as deductions :

  (a) EXPENSES.—

    \*     \*     \*     \*     \*     \*     \*

    (2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

in connection with the defense of a transferee's liability for income tax deficiencies have been held deductible as ordinary and necessary expenses when the subject matter of the litigation bore a reasonable and proximate relation to the management, conservation, or maintenance of income-producing property, *Charles N. Manning,* 3 T. C. 853, affd. 148 F. 2d 821; and *Philip D. Armour, supra,* we cannot here agree with petitioner's contention. The transaction giving rise to expenses "had its genesis in the personal relationship of the petitioner and his former wife and stems from the property settlement agreement," as was said of comparable expenses in *Lindsay C. Howard,* 16 T. C. 157. In that case the expenses were disallowed. Moreover, we are not persuaded that these expenses bore a reasonable and proximate relationship to the management, conservation or maintenance of income-producing property.

Similar consideration leads to the same result when we consider the $5,000 fee paid in connection with the suit instituted by the petitioner's wife to compel specific performance of the 1939 and 1940 agreements.

The respondent disallowed a deduction of $2,400 taken by the petitioner on his 1945 income tax return as entertainment expenses under section 23 (a) (1) (A).[4] The petitioner testified that the purpose of such entertainment was both social and business but no evidence was offered to show what proportion of the claimed amount was spent for necessary business. Jergens was neither required to make these expenditures nor was he reimbursed by the company for entertaining persons ostensibly for the benefit of the corporation. The expenses were, if at all, ordinary and necessary expenses of the corporation and not such expenses of earning his salary as president. *Hal E. Roach,* 20 B. T. A. 919. This deduction must be denied.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

[4] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In general.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.