Remo Detone and Diana Detone v. Commissioner.
Detone v. Commissioner
Docket Nos. 3466-64, 1836-65.
United States Tax Court
T.C. Memo 1970-319; 1970 Tax Ct. Memo LEXIS 41; 29 T.C.M. (CCH) 1467; T.C.M. (RIA) 70319; November 18, 1970, Filed. David Joseph, for the petitioners. Larry Kars, for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: Respondent determined deficiencies in the petitioners' income tax for the taxable years 1960 and 1961 in the amounts of $4,267.90 and $1,830.16, respectively. The parties now agree that the petitioners are entitled to deductions for contributions in the years 1960 and 1961 in the amounts of $250 and $300, respectively, and for interest and taxes in 1960 in the amounts of $549.55 and $1,734.12, respectively. There remains for decision the question of whether and to what extent the petitioner is entitled to deduct claimed travel, transportation, and promotional expenses. Findings of Fact Petitioners *42 Remo and Diana Detone are husband and wife. They resided in Bronxville, New York, at the time they filed their petition in this case. The petitioners filed joint income tax returns for the taxable years 1960 and 1961 on the calendar year basis with the district director of internal revenue, New York, New York. Diana Detone is a party only by reason of filing joint returns with her husband. Hereafter we will refer to Remo Detone alone as the petitioner. The petitioner has been continuously employed since the years in issue by three affiliated corporations located in Mount Vernon, New York: D. Magnan & Co., Inc.; Terra-Cast, Inc.; and D. Magnan Terrazzo Corp. (hereinafter collectively referred to as the "employer"). The petitioner's employer is engaged in the building construction industry and primarily in the laying of terrazzo floors in new and old buildings as a subcontractor. The petitioner's principal duties in the years in issue were to obtain from general contractors subcontracts to supply and install terrazzo floors; to supervise the jobs in process; and to act as a liaison between his employer and the general contractors and others. In connection with these duties, the petitioner *43 traveled to jobs in process in Pine Plains, New York, Port Jervis, New York, Vineland, New Jersey, Beacon, New York, Worcester, Massachusetts, and Springfield, Massachusetts. The petitioner used his automobile to travel to these locations and never traveled by airplane or train. In his returns for 1960 and 1961, the petitioner deducted $2,598.34 and $2,284.15, respectively, as depreciation and maintenance of his automobile, based on 80 percent business use, and tolls. To some extent, the maintenance costs were approximations. The petitioner stayed overnight at hotels at these work locations. At the trial, the petitioner recalled the names of two of these hotels. He could not recall the names of any of the restaurants at which he ate while on location. The petitioner was required to carry cash so as to be able to pay local labor. As a result, he usually paid his hotel and restaurant bills in cash. The petitioner kept a record of those expenditures and at times obtained receipts. In his returns for 1960 and 1961, the petitioner deducted $1,489.72 and $662.39 as hotel and meal expenses while away from home. The petitioner testified that as he was required to stay at these locations *44 he would often invite the superintendent in charge of construction, the clerk of works, inspectors, and others to join him for dinner. In his returns for 1960 and 1961, the 1468 petitioner deducted $5,627.93 and $2,845.60, respectively, as the cost of this entertaining. The petitioner also testified that at certain times his automobile was not available, and he was required to use local transportation. In his returns for 1960 and 1961, the petitioner deducted $730 and $490, respectively, as the costs of taxi and local transportation. In his returns for 1960 and 1961, the petitioner also deducted $397.65 and $299.35, respectively, as telephone expenses. The petitioner's returns were prepared by David B. Barash & Co. of New York. The petitioner's 1961 return was examined by the respondent. In connection with this examination, the petitioner gave Mr. Barash such records as he had for that year. The petitioner has since been unable to recover those records. The petitioner testified that he maintained a diary for 1960 but that he was unable to locate it at the time of trial. The petitioner was paid a weekly salary that was adjusted up or down yearly depending on the success *45 of his employer's business. The petitioner was not reimbursed for any of his expenses. Other than allowing a $500 deduction for traveling expenses in 1961, the respondent disallowed the petitioner's claimed travel, transportation, and promotional expenses. Opinion As an initial matter we must determine the extent to which the record supports the petitioner's position that the expenses in issue are deductible business expenses. The petitioner claims to have spent substantial sums for dinners for the superintendent in charge of construction, the clerk of works, inspectors, and others. We are unable to allow any deduction for such expenditures as it appears from the record that those expenditures were incurred by the petitioner in promoting the business of his employer. Absent evidence of an understanding between an employee and his employer that the employee would absorb those expenses out of his salary such expenses are not deductible by the employee paying them even though he may not be reimbursed. Franklin M. Magill, 4 B.T.A. 272 (1926); Hal E. Roach, 20 B.T.A. 919 (1930); Andrew Jergens, 17 T.C. 806 (1951); Grover Tyler, 13 T.C. 186 (1949). *46 The same problem exists with respect to the claimed telephone expenses, and thus we are unable to allow deductions for those expenditures. An employee who is required to travel in connection with his job is entitled to deduct the unreimbursed costs of local transportation ( Kenneth Waters, 12 T.C. 414 (1949)) and traveling expenses. Darrell Spear Courtney, 32 T.C. 334 (1959). We are convinced that the petitioner incurred local transportation expenses, and expenses in connection with the business use of his automobile, including tolls, as well as meal and lodging expenses while away from home. Using our own best judgment to ascertain the amounts of those expenditures, we find that the petitioner had deductible transportation expenses in 1960 and 1961 of $230 and $150, respectively, and deductible traveling expenses in 1960 and 1961 of $2,000 and $1,600, respectively. Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930).[1]
Decisions will be entered under Rule *47 50. Footnotes
1. It is to be noted that sec. 274(d), I.R.C. 1954↩, is effective for taxable years ending after Dec. 31, 1962. See sec. 4 of Pub. L. 87-834, 87th Cong., 2d Sess. (Oct. 16, 1962).