CLARENCE W. BAILEY AND MARTHA F. BAILEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bailey v. Commissioner
Docket No. 6408-79.
United States Tax Court
T.C. Memo 1982-452; 1982 Tax Ct. Memo LEXIS 296; 44 T.C.M. (CCH) 726; T.C.M. (RIA) 82452; August 4, 1982. *296 Held: Petitioners' claimed expenses for entertainment, the maintenance of a mobile home and emergency call-back transportation expenses are not ordinary and necessary business expenses under section 162; Heldfurther: Petitioners are liable for the section 6653(a) negligence penalty. Clarence W. Bailey, pro se. *297 Linda Wise, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined deficiencies of $1,676 and $1,353 in petitioners' Federal income tax for 1976 and 1977, respectively, and corresponding additions to tax under section 6653(a)[1] of $83.80 and $67.65. After concessions, the issues remaining for our decision are the deductibility of Mr. Bailey's emergency call-back transportation expenses, the expenses incurred in maintaining a mobile home near his place of employment and the deductibility of the petitioners' employee entertainment expenses. Also at issue is the applicability of the negligence penalty. FINDINGS OF FACT Some of the facts have been stipulated by the parties. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner, Clarence W. Bailey, resided in Jackson's Gap, Alabama, and petitioner, Martha F. Bailey, resided in Opelika, Alabama, at the time of the filing of the instant petition with this Court. *298 Petitioners were married and filed joint Federal income tax returns for the years 1976 and 1977 with the Internal Revenue Service Center in Chamblee, Georgia. In 1976, petitioners resided in Auburn, Alabama, and in 1977 resided in Opelika, Alabama. During those years Martha was employed as an intermediate school principal by the Opelika City Schools in Opelika and Clarence was employed as the chief of the clinical laborator at Russell Hospital in Alexander City, Alabama. Alexander City is approximately 45 miles from the Auburn-Opelika area. Clarence's duties included supervising the laboratory staff, maintaining the equipment, performing laboratory procedures and taking emergency call-back duty. The laboratory had staff members present from 6 a.m. until 4:30 p.m. After 4:30 p.m. certain staff members would be designated to be on call-back duty. Clarence performed this emergency duty approximately every third week during 1976 and 1977. A staff member on call-back duty was not required to be actually present in the laboratory but was required to be available to promptly return to the hospital when called by a doctor. Because the Bailey's residence was located 45 miles from *299 the laboratory, Clarence maintained a mobile home in the vicinity of the hospital during 1976 and 1977 for the purpose of taking phone calls when he was on call-back duty. He did not perform any hospital related tasks while staying at the mobile home but rather used it as a base to sleep and read while keeping himself available to be called back to the laboratory in case of an emergency. At one time Clarence's employer directly compensated its employees for transportation expenses incurred while on call-back duty. However, that practice was discontinued and during the taxable years in issue Mr. Bailey's salary included an increase intended to compensate him for his call-back transportation expenses. On their 1976 Federal income tax return, petitioners claimed as a deduction the following expenses relative to the mobile home: Depreciation:
$ 600.00
Lot Rent:
480.00
Telephone:
189.00
Utilities:
527.95
[2] $1,796.95
In 1977, petitioners *300 claimed one-half of Mr. Bailey's lodging expenses totaling $853. These amounts were disallowed by respondent in his notice of deficiency on the ground that such amounts did not represent an ordinary and necessary business expense. In addition, petitioners claimed as deductions $1,647 and $1,365 in 1976 and 1977, respectively, for the cost of call-back transportation from the mobile home to the hospital. These expenses were disallowed to the basis that they were personal expenses and therefore nondeductible.
For 1976, Clarence claimed an expense of $58 for entertainment of the lab staff and Martha claimed the following entertainment expenses relative to her employment as an intermediate school principal. 1976
Gifts for teachers
$272.15
Flowers for teachers
7.88
$280.03
For 1977, petitioners claimed entertainment expenses totaling $617, consisting of the following: Clarence
Lab Party
$ 25.00
Lab Fishing Trip
175.00
Flowers
121.00
Martha
Gifts for teachers
75.00
Teachers' party
221.00
$617.00
In the notice of deficiency, respondent disallowed these expenses in full on the ground that they did not constitute ordinary *301 and necessary business expenses. [3]
OPINION The issues presented for our resolution are (1) whether petitioners are entitled to employee business expense deductions for transportation and for the cost of maintaining a mobile home, (2) whether petitioners are entitled to deductions for entertainment expenses and (3) whether the application of the addition to tax for negligence is appropriate. Mobile Home and Transportation Expenses
Clarence was employed as the chief of the Russell Hospital clinical laboratory. Approximately every third week during the years at issue, he was on call-back duty from 4:30 p.m. to 6 a.m. He maintained a mobile home in the vicinity of the hospital in order to be available to return to the laboratory in the event of an emergency. On their 1976 and 1977 returns, petitioners claimed deductions for expenses attributable to maintaining the mobile *302 homes and the transportation costs of returning to the hospital from the mobil home. Respondent disallowed the claimed expenses on the basis that they did not represent ordinary and necessary business expenses. Respondent's determination is presumed correct and petitioners bear the burden of proving otherwise. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Deductions are a matter of legislative grace and petitioners must demonstrate that their case falls within the ambit of a statutory provision allowing such deduction. Deputy v. DuPont,308 U.S. 488, 493 (1940). The general rule is that personal, living, or family expenses are not deductible in computing taxable income unless specifically authorized by a provision of the Internal Revenue Code. Section 262. Clearly, amounts spent in maintaining a household are personal expenses. Lodging expenses are only deductible when incurred as a cost of moving under section *303 217 or when incurred as an expense of travel under section 162(a)(2). Section 1.262-1(b)(5), Income Tax Regs.
Section 162 provides in pertinent part: (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business. A taxpayer's "home" for purposes of section 162(a)(2) has been consistently interpreted by this Court to mean not his actual residence but rather the vicinity of his principal place of employment. Bochner v. Commissioner,67 T.C. 824, 827 (1977). Michaels v. Commissioner,53 T.C. 269, 273 (1969). It is clear from the record that Clarence's principal place of employment was in Alexander City. Petitioners' residence, however, was located approximately 45 miles from Alexander City. [4] Petitioners *304 argue that the expense of maintaining the mobile home near Clarence's place of employment is a deductible business expense because his residence was too far away to enable him to return to the hospital while on call-back duty. However, the choice to maintain a residence in an area removed from one's tax home is a personal one and the expense incurred in maintaining a more convenient second residence is similarly a personal expense. [5]Coerver v. Commissioner,36 T.C. 252, 253 (1961), affd. 297 F.2d 837 (3rd Cir. 1962). Thus, it is clear that the expenses of maintaining the mobile home do not qualify as deductible business expenses and respondent's determination must be sustained. Clarence's claimed deduction for automobile expenses suffers from the same defect. *305 A taxpayer's costs of commuting to his place of business are personal expenses and do not qualify as deductible business expenses. Section 262; section 1.262-1(b)(5), Income Tax Regs.; Anderson v. Commissioner,60 T.C. 834, 835 (1973). Clarence argues that these transportation expenses should be treated differently from regular commuting expenses because they were incurred while on call-back duty. This Court, however, has considered and rejected this same contention in other cases. In Sheldon v. Commissioner,50 T.C. 24 (1968), an anesthesiologist's emergency call-back transportation expenses were disallowed on the basis that they were nondeductible commuting expenses and in Marot v. Commissioner,36 T.C. 238 (1961), an electrocardiograph technician was similarly denied a business expense deduction for such expenses. We see nothing in the case at bar which suggests that a different result could be reached. The mobile home served as a second residence to Clarence and the expense of traveling from one's residence to one's place of employment is a nondeductible *306 commuting expense, regardless of when or how often the trips are made. [6]O'Hare v. Commissioner,54 T.C. 874 (1970). Entertainment Expenses
In connection with Mr. Bailey's employment as the supervisor of a clinical laboratory and Mrs. Bailey's employment as an intermediate school principal, petitioners claimed deductions for business entertainment expenses. Mr. Bailey testified that the expenses he incurred for the entertainment of his subordinates were intended as a "motivation tool" to encourage better performance from the laboratory staff. [7] While this is a laudable goal we are unable to find that these expenditures were ordinary and necessary business expenses of petitioners as employees. Section 162(a). If anything, such entertainment expenses were the ordinary and necessary business expenses of their respective employers. Jergens v. Commissioner,17 T.C. 806, 811 (1951). Petitioners were neither required to make these expenditures *307 nor reimbursed for them. Voluntary assumption of an employer's business expenses does not make them deductible to the employee. Noland v. Commissioner,269 F.2d 108, 113 (4th Cir. 1959). Accordingly, we sustain respondent's determination. Section 6653(a) Addition to Tax
To avoid the imposition of the addition to tax for negligence under section 6653(a), petitioners bear the burden of proof to establish that the underpayment of tax was not "due to negligence or intentional disregard of rules and regulations." Enoch v. Commissioner,57 T.C. 781, 802 (1972). Petitioners urge that they merely disagreed with respondent's interpretation of the law. However, no evidence is offered upon which we might conclude that their underpayment of tax was not due to negligence *308 or intentional disregard of rules and regulations. In view of their failure of proof, respondent's determination is sustained. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years at issue.↩
2. Respondent subsequently conceded that the expense attributable to the maintenance of a telephone is allowable as a business expense. Thus, the deductibility of the depreciation, lot rent and utilities remain at issue.↩
3. The 1976 entertainment expenses were also disallowed on the basis that the expenses were not substantiated. Petitioners have now substantiated their 1976 expenses to the extent of $294.86 and concede the unsubstantiated portion. Thus, only the deductibility of the $294.86 remains in issue for 1976.↩
4. There is no suggestion in the record that Clarence's employment was of a temporary nature. See Commissioner v. Peurifoy,254 F.2d 483, 486 (4th Cir. 1957), revg. 27 T.C. 149↩ (1956). 5. Clarence testified that he did not perform any work at the mobile home but rather used it only as a base to wait for emergency calls.↩
6. We think Clarence's claim of hardship is somewhat overstated in light of his admission at trial that his salary included an upward adjustment to defray these extra transportation expenses.↩
7. Although no evidence was presented concerning Mrs. Bailey's expenditures, given the nature of her employment as a principal, we assume that her expenses were incurred for the same purpose.↩