SAVERIO AND LYNN EBOLI, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10965-83.    Filed July 31, 1989.

*John J. O'Toole,* for the petitioners.
*Caroline R. Ades,* for the respondent.

WRIGHT, *Judge:* Respondent determined a deficiency in petitioners' 1979 joint Federal income tax liability in the amount of $1,065.25. By amended answer, respondent asserted an increase in the deficiency in the amount of $1,161.75, bringing the total deficiency determined and asserted by respondent to $2,227.

The issues for decision are (1) whether petitioners are entitled to an interest deduction under section 163(a)[1] in

---

[1]Unless otherwise indicated, all section references are to sections of the Internal Revenue Code as in effect during the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

1979, for that portion of an overpayment for the taxable year 1967 which respondent credited in 1979 toward assessed interest that petitioners owed on a deficiency for the taxable year 1970; (2) whether respondent properly apportioned overpayments from 1967 and 1968 against an assessed deficiency for 1971 without crediting any portion of such amounts to interest assessed for 1971; and (3) whether amounts which respondent credited in 1979 to petitioners' account for the reduction of interest previously charged for the taxable years 1967 and 1968 constituted earned interest income to petitioners under section 61(a)(4).

## FINDINGS OF FACT

The facts of this case have been fully stipulated pursuant to Rule 122 and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

At the time of filing the petition herein, petitioners resided in Franklin Lakes, New Jersey. Petitioners timely filed their 1979 Federal income tax return with respondent's Brookhaven Service Center in Holtsville, New York. Petitioners filed an amended return for the taxable year 1979 on July 10, 1980, wherein they claimed an interest deduction of $4,069.

The issues presented arise out of the claimed interest deduction which was a byproduct of a series of earlier income tax controversies between petitioners and respondent for the taxable years 1967, 1968, 1970, and 1971.

### Taxable Years 1967 and 1968

Respondent issued a statutory notice of deficiency to petitioners for the taxable years 1967 and 1968 on April 15, 1974, which determined the following:

| Year | Deficiency | Additions to tax sec. 6653(b) | Total |
|------|-----------|-------------------------------|-------|
| 1967 | $4,091.06 | $2,045.53 | $6,136.59 |
| 1968 | 12,926.69 | 6,463.34 | 19,390.03 |

After receiving the statutory notice of deficiency, petitioners did not petition this Court within the 90-day statutory

period. Thereafter, respondent assessed the deficiencies and additions to tax.

On January 24, 1975, and January 30, 1975, respondent issued two collection notices to petitioners, in the respective amounts of $5,754.66 and $2,065.98, for the taxable year 1967. Petitioners paid $2,065.98 and $5,768.39 in satisfaction of the collection notices on February 7, 1975, and February 20, 1975, respectively. The total amount paid in 1975 for the taxable year 1967 was $7,834.37. The $1,697.78 excess over the original amount determined in the statutory notice of deficiency represented interest accrued on such amounts.

On January 24, 1975, and January 30, 1975, respondent issued two collection notices to petitioners, in the respective amounts of $17,407.64 and $6,544.97, for the taxable year 1968. Petitioners paid $6,544.97 and $17,451.03 in satisfaction of the collection notices on February 7, 1975, and February 20, 1975, respectively. The total amount paid in 1975 for the taxable year 1968 was $23,996. The excess of $4,605.97 over the original amount determined in the statutory notice of deficiency represents interest accrued on such amounts.

On July 15, 1975, petitioners filed a refund claim with respondent for the amounts paid for 1967 and 1968. Respondent rejected petitioners' claim. On December 29, 1977, petitioners brought suit for a refund in the United States District Court for the District of New Jersey. On March 13, 1979, the parties settled the refund suit. The settlement agreement provided that respondent would refund petitioners $3,875 for each of the taxable years 1967 and 1968, plus any interest accrued on such amounts "according to law." The agreement further provided that respondent could apply the settled refund amounts against any outstanding income tax liabilities that petitioners might owe for other taxable years, pursuant to section 6402.

Respondent's customary procedure is to maintain a statement of account (account) by taxable year for each taxpayer, which account tracks assessments, payments, credits, and other adjustments by their date. On November 5, 1979, respondent's Brookhaven Service Center adjusted petition-

ers' 1967 and 1968 accounts to reflect their settled refund suit as follows:

*Taxable year 1967*

| | |
|---|---|
| Tax decrease .............................. | $3,875.00 |
| Decrease in sec. 6653(b) addition to tax ....... | 51.40 |
| Reduction of interest previously charged ...... | 1,533.93 |
| Net adjustment [or credit] .................... | 5,460.33 |

*Taxable year 1968*

| | |
|---|---|
| Tax decrease .............................. | $3,875.00 |
| Decrease in sec. 6653(b) addition to tax ....... | 58.13 |
| Reduction of interest previously charged ...... | 1,176.16 |
| Net adjustment [or credit] .................... | 5,109.29 |

## Taxable Years 1970 and 1971

Respondent issued a statutory notice of deficiency to petitioners for the taxable years 1970 and 1971 on April 8, 1975, which determined the following:

| Year | Deficiency | Additions to tax sec. 6653(a) |
|---|---|---|
| 1970 | $7,579.64 | $378.98 |
| 1971 | 11,326.82 | 566.34 |

Petitioners timely filed a petition with this Court for the taxable years 1970 and 1971. The case was assigned docket No. 6233-75, and thereafter the parties settled. The Court entered a stipulated decision on March 2, 1978, which redetermined the following deficiencies and additions to tax:

| Year | Deficiency | Additions to tax sec. 6653(a) |
|---|---|---|
| 1970 | $6,811.21 | $340.56 |
| 1971 | 10,299.57 | 514.98 |

On April 17, 1978, respondent assessed the stipulated amounts along with $3,101.65 and $4,072.21 of accrued interest for the respective 1970 and 1971 deficiencies. These assessments left balances due and owing in petitioners' accounts for the taxable years 1970 and 1971 as follows:

| Year | Deficiency | Additions to tax sec. 6653(a) | Interest |
|---|---|---|---|
| 1970 | $6,811.21 | $340.56 | $3,101.65 |
| 1971 | 10,299.57 | 514.98 | 4,072.21 |

*Applying 1967 and 1968 Overpayments to 1970 and 1971
Assessments*

As of November 5, 1979, respondent had adjusted petitioners' accounts for the taxable years 1967 and 1968 to reflect the settled refund suit as follows:

*Taxable year 1967*

| | |
|---|---|
| Tax decrease | $3,875.00 |
| Decrease in sec. 6653(b) addition to tax | 51.40 |
| Reduction of interest previously charged | 1,533.93 |
| Net adjustment [or credit] | 5,460.33 |

*Taxable year 1968*

| | |
|---|---|
| Tax decrease | $3,875.00 |
| Decrease in sec. 6653(b) addition to tax | 58.13 |
| Reduction of interest previously charged | 1,176.16 |
| Net adjustment [or credit] | 5,109.29 |

Later in November 1979, respondent offset the respective 1967 and 1968 overpayments of $5,460.33 and $5,109.29 against petitioners' assessed liabilities for 1970 and 1971 as follows:

*1967 Overpayment*

| | |
|---|---|
| Tax deficiency for taxable year 1970 | $2,111.99 |
| Addition to tax under sec. 6653(a) for taxable year 1970 | 346.56 |
| Interest for taxable year 1970 | 3,001.78 |
| | 5,460.33 |

*1968 Overpayment*

| | |
|---|---|
| Tax deficiency for taxable year 1970 | $3,342.22 |
| Tax deficiency for taxable year 1971 | 1,767.07 |
| | 5,109.29 |

On November 26, 1979, respondent credited petitioners' 1970 account by the amount of $1,538.72 to reflect an overassessment of interest. The source of this overpayment is not reflected in the record. Respondent's crediting of this amount reduced the total interest assessed for 1970 from $3,101.65 to $1,562.93. Respondent applied $3,001.78 of the $5,460.33 1967 overpayment against the $1,562.93 1970 interest assessment, which created an overpayment of interest of $1,438.85 for 1970. Respondent then offset all of the $1,438.85 overpayment, in the amounts of $1,357 and $81.85, against petitioners' assessed tax liability for 1971. Respondent did not apply any portion of the 1967 or 1968

overpayments toward the $4,072.21 interest assessment for 1971.

In summary, the 1967 and 1968 overpayments were applied as follows:

*1967 Overpayment*

| | |
|---|---|
| Tax deficiency for taxable year 1970 .......... | $2,111.99 |
| Addition to tax under sec. 6653(a) for taxable year 1970 .......................... | 346.56 |
| Interest for taxable year 1970 ................ | 1,562.93 |
| Tax deficiency for taxable year 1971 .......... | 1,438.85 |
| | 5,460.33 |

*1968 Overpayment*

| | |
|---|---|
| Tax deficiency for taxable year 1970 .......... | $3,342.22 |
| Tax deficiency for taxable year 1971 .......... | 1,767.07 |
| | 5,109.29 |

Petitioners' 1979 joint income tax return, as originally filed, did not claim any interest deduction or report any interest income with regard to respondent's 1979 activities in petitioners' accounts. Petitioners filed an amended return for the taxable year 1979 on July 10, 1980. On such amended return, petitioners claimed an interest deduction of $4,069 for interest paid to respondent during 1979.

Respondent issued a statutory notice of deficiency to petitioners on February 15, 1983, wherein respondent disallowed petitioners' claimed interest deduction of $4,069 for 1979. In his amended answer, respondent claimed an additional $1,161.75 deficiency against petitioners for 1979 based upon $4,148.94 of interest income allegedly credited to, but not reported by, petitioners.

### OPINION

For the year in issue, this Court does not possess jurisdiction to redetermine interest on deficiencies. See *LTV Corp. v. Commissioner*, 64 T.C. 589, 597 (1975). (Section 6246, Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3751, amended sections 6512(a) and 7481(a) and added section 7481(c) to provide in general that the Tax Court may redetermine disputed interest on deficiencies, applicable to assessments made after the date of enactment.) However, the case herein does not require us to redetermine interest on deficiencies (or overpayments),

but rather to determine a deficiency or an overpayment of income tax for the taxable year 1979 based upon the proper crediting and deducting of interest on income tax liabilities for various years determined by respondent.

## Interest Expense

The first substantive issue for us to consider is whether petitioners are entitled to an interest deduction in 1979 under section 163(a) for that portion of an overpayment which, in 1979, respondent used as an offset pursuant to section 6402 to reduce the amount of interest that he had previously assessed on petitioners' 1970 deficiency.

For the taxable year 1979, section 163(a) generally permitted taxpayers to deduct interest paid or accrued on indebtedness. Similarly, during 1979, taxpayers could fully deduct interest paid or accrued on Federal tax liabilities. *Robbins Tire & Rubber Co. v. Commissioner*, 52 T.C. 420, 439-440 (1969), companion case at 53 T.C. 275 (1969); *Jergens v. Commissioner*, 17 T.C. 806, 810 (1951).

The time when such interest deductions can be taken is determined by section 461(a), which generally requires that the timing of an allowable deduction be in accordance with the taxpayer's method of accounting. Taxpayers using the cash receipts and disbursements method of accounting must claim allowable interest deductions in the taxable year in which interest is paid. Sec. 1.461-1(a)(1), Income Tax Regs. Interest is deemed paid when overpayments, credits, or refunds due to a cash basis taxpayer are applied to reduce or offset interest assessed against the taxpayer by respondent. *Robbins Tire & Rubber Co. v. Commissioner, supra.*

As cash basis taxpayers, petitioners claimed an interest deduction of $4,069 on their amended income tax return for the taxable year 1979 "for interest paid to the Internal Revenue Service during the calendar year 1979." The $1,065.25 deficiency determined in the deficiency notice is based upon the disallowance of the $4,069 interest deduction and is presumed correct. Petitioners bear the burden of proof that respondent's denial was incorrect and that they made an interest payment. Rule 142(a).

Petitioners' memorandum of law asserts the following computation in support of the claimed $4,069 deduction:

Credit from previously charged interest
from taxable year 1967 . . . . . . . . . . . . . . . . . . . . $1,533.93
Credit from previously charged interest
from taxable year 1968 . . . . . . . . . . . . . . . . . . . 1,176.16
Additional payments from taxable year
1975 later credited to taxable year 1971 . . . . 1,357.00
                                                                                        81.85
                                                                                  4,148.94
Interest deduction not taken by
petitioners' return preparer . . . . . . . . . . . . . . . . (81.85)
  Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,067.09

Petitioners' memorandum of law then explains that the asserted figure of $4,148.94 differs from the $4,069 interest deduction claimed on petitioners' amended return because their return preparer recognized "that the $81.85 could be an income figure and not taking a deduction would constitute a wash." Petitioners cite no authority to support their computation and we are not persuaded by it. Subtracting $81.85 from $4,148.94 yields $4,067.09, not $4,069. This discrepancy indicates to us that petitioners do not know how their return preparer arrived at the $4,069 figure and they cannot support it themselves.

Petitioners' statements of account for 1970 and 1971 reveal that the $1,533.93, $1,176.16, $1,357, and $81.85 figures were not deductible offsets made in 1979 against interest which respondent assessed on petitioners' deficiencies for 1970 and 1971. To the contrary, the $1,533.93 and $1,176.16 amounts reflect nondeductible credits made to petitioners' accounts as a result of their settled refund suit. These credits were for interest that petitioners had paid in 1975 with respect to their 1967 and 1968 taxable years. Because petitioners, as cash basis taxpayers, made the interest payments of $1,533.93 and $1,176.16 during 1975, such amounts were deductible, if at all, in 1975, not in 1979.

Similarly the $1,357 and $81.85 figures represent credits that respondent initially applied in 1979 towards interest assessed for 1970. However, after crediting these amounts toward interest, respondent apparently realized that the amounts created an overpayment of interest for 1970, so in 1979 the $1,357 and $81.85 were offset against petitioners' assessed tax deficiency for 1971. Because these overpayments of interest were credited to a subsequent year's

deficiency in the same year as they had originally been credited toward interest, they do not represent deductible interest expenditures.

Although petitioners have failed to sustain their claimed interest deduction of $4,069, we find that their statement of account for 1970 sustains a deductible interest expense in 1979 of $1,562.93. The record reflects the following series of transactions in petitioners' 1970 account. On November 5, 1979, respondent credited petitioners' 1967 account with $5,460.33 to reflect the settlement of petitioners' refund suit. Later in November 1979, respondent then applied the $5,460.33 positive balance in petitioners' 1967 account to petitioners' outstanding assessed deficiency, addition to tax, and interest for 1970 as follows: $2,111.99 toward the outstanding tax deficiency, $346.56 toward the negligence addition under section 6653(a), and $3,001.78 toward assessed interest. After applying the $3,001.78 toward assessed interest, respondent apparently realized that his original $3,101.65 interest assessment was incorrect. Respondent then determined the correct interest assessment to be $1,562.93.

Thus, respondent's $3,001.78 credit against the proper $1,562.93 assessment created an overpayment of interest for 1970 of $1,357 plus $81.85, or a total overpayment of $1,438.85. To correct his computation, respondent then credited the $1,438.85 overpayment of interest toward petitioners' assessed deficiency for 1971. Because respondent reduced the original $3,001.78 credit against assessed interest by $1,438.85 in the same year as he had originally made the credit, the record sustains a net interest deduction, under section 163(a), of $1,562.93 for 1979.

Respondent argues in his memorandum of law that any amount credited against interest for 1970 and 1971 could only have been deducted in 1975. Respondent's argument is based on the view that because petitioners made the original cash payments, to which the refund suit credits can be traced, in 1975, any such interest deduction could be claimed only in 1975. Respondent cites no authority for his assertion and we are not persuaded by it. On the contrary, interest is deemed paid by a cash basis taxpayer in the taxable year that respondent offsets an overpayment

against assessed interest. The taxable year in which the deemed payment can be claimed as a deduction does not depend upon the taxable year in which the original remittance, ultimately giving rise to the overpayment, occurred. Interest assessed for 1970 was credited or deemed paid in 1979. Therefore, the interest that was deemed paid must be claimed as a deduction for 1979, and not 1975.

### Apportioning 1967 and 1968 Overpayments to 1970 and 1971 Assessments

Petitioners assert that respondent erred in not offsetting any of the overpayments from 1967 and 1968 against the interest assessed for 1971. We do not agree. In November 1979, petitioners' statement of account for 1971 reflected $10,299.57 in tax deficiency, $514.98 in negligence additions under section 6653(a), and $4,072.21 in interest. It was in November 1979, that respondent applied $3,205.92 in combined overpayments from 1967 and 1968 to the assessed $10,299.57 income tax deficiency and none toward the $4,072.21 of assessed interest. Petitioners assert that some portion of the 1967 and 1968 overpayments should have been applied toward the $4,072.21 of assessed interest. Petitioners do not specify what amount they believe should have been applied to interest, nor do they cite any authority for their proposition. Petitioners argue that the overpayments should have been applied in a "pro rata" fashion with proportional amounts simultaneously offset against assessed amounts of deficiency, additions to tax, and interest.

Respondent did not employ petitioners' suggested method. The refund suit settlement agreement provided that "overpayments resulting from [the] settlement may be credited thereon in accordance with the provisions of Section 6402." Neither section 6402 nor the regulations promulgated thereunder specifies how respondent must allocate overpayments between deficiencies, additions to tax, and interest charges. See sec. 301.6402, Procedural and Administrative Regs. However, respondent has established a rule of offsetting the oldest taxable period's credit or payment "to tax, penalty [sic], and interest, in that order, for the earliest period, then to tax, penalty [sic], and interest, in that order, for the next succeeding period, until

the payment is absorbed." Rev. Rul. 73-305, 1973-2 C.B. 43; see also Rev. Proc. 84-58, 1984-2 C.B. 501, 503. In the case before us, respondent did not adhere to the enunciated rule.

The statement of account maintained by respondent for 1970 shows that respondent offset $3,342.22 of the 1968 overpayment against the assessed deficiency for 1970 before offsetting the 1967 overpayment against the assessed 1970 deficiency, negligence addition, and interest in the following order and amounts: $2,111.99, $346.56, and $3,001.78, respectively. Under the stated rule, respondent erred by offsetting $3,342.22 of the 1968 overpayment before offsetting the 1967 overpayment. The rule requires that all of the 1967 overpayment be offset against the assessed 1970 deficiency, negligence addition, and interest before offsetting any of the 1968 overpayment against such amounts. After completing the described offsets, respondent offset the remaining overpayment of $1,767.07 from 1968 against the assessed deficiency for 1971. Respondent completed this procedure by offsetting $1,357 and $81.85 of overpayments arising from abatements of overassessed interest for 1970 against the assessed deficiency for 1971. At this point, all overpayments were exhausted.

Although respondent failed to adhere to the stated rule, his failure ultimately proved harmless. Even if respondent had adhered to his established rule, all of the 1967 and 1968 overpayments would have been exhausted before reaching interest assessed for 1971. After offsetting the respective overpayments from 1967 and 1968 of $5,460.33 and $5,109.29 against 1970's respective tax, negligence addition, and interest assessments of $6,811.21, $340.56, and $1,562.93, any remaining overpayments would have been consumed by 1971's deficiency assessment of $10,299.57. The $4,072.21 interest assessment for 1971 would never have been reached. Thus, petitioners' assertion that respondent should have offset a portion of the 1967 and 1968 overpayments against interest assessed for 1971 is without support.

### Interest Income

Respondent asserted in his amended answer that petitioners earned $4,148.94 of interest income in 1979 arising from

overpayments applied to petitioners' taxable years 1967, 1968, 1970, and 1971. Respondent bears the burden of proof as to any increased deficiency resulting from this position. Rule 142(a).

Petitioners counter respondent's assertion by arguing that they were not entitled to interest under section 6611(a) on the overpayments resulting from the settled refund suits for taxable years 1967 and 1968. In the alternative, petitioners argue that even if they were entitled to interest on the overpayments, respondent has failed to show what, if any, interest petitioners earned. We agree with petitioners' alternative contention and find that respondent has failed to sustain his burden of proof.

The settlement agreement for petitioners' refund suit provided that "overpayments w[ould] bear interest according to law." Thus, we reject petitioners' assertion that they were not entitled to interest under section 6611(a). Section 6611(a) provides for the payment of interest upon any overpayment of income tax. Such interest is generally includable in gross income under section 61(a)(4). Respondent bears the burden of establishing the amount of interest that petitioners earned because he initially raised this matter in his amended answer. Rule 142(a).

Respondent asserted in both his amended answer and memorandum of law that petitioners earned $4,148.94 of interest income in 1979 pursuant to such settlement. Respondent set forth the following table in his memorandum of law in support of his assertion:

| Transcript | Date of action | Abatement of interest | Refund or credit of interest |
|---|---|---|---|
| 1967 | 11/79 | $1,533.00 | - - - |
| 1967 | 11/79 | - - - | $1,533.00 |
| 1968 | 11/79 | 1,176.16 | - - - |
| 1968 | 11/79 | - - - | 1,176.16 |
| 1970 | 11/79 | 1,538.72 | - - - |
| 1970 | 11/79 | - - - | 1,538.72 |
| Total abatements | | 4,148.94 | |
| Total refunds (credits) | | | 4,148.94 |

(The above amounts total $4,247.88 and not $4,148.94 as shown.) Because respondent asserted the $4,148.94 figure both in his amended answer and trial memorandum, we will

use that figure in our analysis. We find that respondent arrived at $4,148.94 by summing the following amounts:

Reduction of previously assessed
   interest for 1967, in 1979 .................... $1,533.93
Reduction of previously assessed
   interest for 1968, in 1979 ................... 1,176.16
Interest credited from 1970 to
   a 1971 deficiency, in 1979 ................. 1,438.85
Total. ...................................... 4,148.94

As the above list shows, we have replaced the $1,538.72[2] figure found in respondent's table with $1,438.85 which permits us to arrive at $4,148.94.

Respondent's assertion that the $4,148.94 total represents income is erroneous. The record reflects that petitioners paid $1,697.78 and $4,605.97 of assessed interest for 1967 and 1968, respectively, in February 1975. The $1,533.93 and $1,176.16 amounts reflect reductions of the previously assessed interest for 1967 and 1968, which petitioners paid in February 1975, not interest earned on overpayments under section 6611(a). Such reductions of previously assessed interest would constitute interest income, if at all, under a tax benefit analysis. Respondent asserts in his memorandum of law that "petitioners received a benefit of $2,710.09 [$1,533.93 + $1,176.16] during 1979." We do not agree with respondent's application of the tax benefit rule.

The tax benefit rule includes an item in gross income where that item has been deducted in an earlier year and a later unforeseen event occurs which is "fundamentally inconsistent with the premise on which the deduction was initially based [fn. ref. omitted]." *Hillsboro National Bank v. Commissioner* and *United States v. Bliss Dairy, Inc.,* 460 U.S. 370, 383 (1983). Since respondent bears the burden of proof on this issue, his failure to introduce petitioners' 1975 joint income tax return or other evidence proving that petitioners had claimed interest deductions or enjoyed a tax benefit for the amounts in question prevents us from applying the tax benefit rule.

---

[2]The $1,538.72 figure is found on the 1970 statement of account. It is listed there as an overassessment of interest which respondent used, on Nov. 26, 1979, to reduce the amount of interest petitioners owed for 1970. Petitioners have not challenged the computations on the statements of account and we refrain from entering into recomputations.

Similarly, the $1,438.85 amount reflects an overassessment of 1970 interest, which respondent credited towards petitioners' assessed 1971 deficiency. This credit of the overassessment occurred in the same year as its deemed payment occurred and thus, because petitioners did not receive the benefit of a deduction for the $1,438.85 in an earlier year, such amount is not includable in gross income. See *Hillsboro National Bank v. Commissioner, supra* at 383-384.

Although the parties' 1967 and 1968 refund suit settlement agreement provided that "overpayments [would] bear interest according to law," respondent has not introduced any evidence as to what, if any, interest petitioners earned on their overpayments pursuant to section 6611. Therefore, his assertion to the contrary is dismissed.

To reflect the foregoing,

*Decision will be entered under Rule 155.*