JUDY DUNKELBERGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dunkelberger
Docket No. 20889-90
United States Tax Court
T.C. Memo 1992-723; 1992 Tax Ct. Memo LEXIS 763; 64 T.C.M. (CCH) 1567; December 22, 1992, Filed Decision will be entered under Rule 155. Judy Dunkelberger, pro se. For Respondent: Lin Murphy. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1988 in the amount of $ 2,549, together with an addition to tax under section 6653(a)(1)(A) in the amount of $ 127.45. After concessions, [2] the issues for decision are: (1) Whether petitioner is entitled to miscellaneous itemized deductions in the amount of $ 1,571.28 for meals and entertainment as employee business expenses under sections 162 and 274, (2) whether petitioner is entitled to miscellaneous itemized deductions for flowers and dry cleaning expenses, in the amount of $ 111.12 and $ *764 295.75 respectively, as employee business expenses, and (3) whether petitioner is liable for negligence under section 6653(a)(1)(A). Some of the facts have been stipulated, and they, together with exhibits *765 attached to the stipulation, are so found. Petitioner resided at Castro Valley, California, when she timely filed her petition herein. Petitioner bears the burden of showing that respondent's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioner Judy Dunkelberger is employed as a computer consultant and a computer aided design manager for Advanced Micro Devices, Inc. (AMD), in Sunnyvale, California. She is also the sole proprietor of a small business, Judy Designs. Petitioner claims entitlement to certain employee business expenses. During the 1988 taxable year, petitioner incurred $ 295.75 in dry cleaning expenses in connection with her professional wardrobe to make presentations to potential AMD clients. She also spent $ 112.12 for flowers for an employee of AMD who was suffering from an illness. She also claimed a variety of unreimbursed meal and entertainment expenses as employee business expenses in the amount of $ 1,560. [3] Such expenses include the $ 805.38 cost of taking vendors of computer equipment to lunch, where the exchange of information and the negotiation of contracts would take place. *766 Petitioner also deducted the $ 160.88 cost of giving periodic lunch parties for persons she supervised as expressions of gratitude for good work, as well as the $ 310.61 cost of having a Christmas party, and the $ 294.41 cost of providing them with candy and doughnuts so that they would have higher morale in an often stressful work environment. She supervises AMD employees who often work under tight time schedules. None of the aforementioned expenditures were reimbursable by her employer. Respondent agrees that petitioner has substantiated all such expenses, but contends that the meals and entertainment expenses, the flower expenses, and the dry cleaning expenses are not deductible, because they are primarily personal expenditures and not ordinary and necessary costs of doing business. Business Lunches with Vendors
Section 162(a) provides for the deduction of all the ordinary and necessary expenses paid or incurred during *767 the taxable year in carrying on any trade or business. The question is essentially one of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943); Henry v. Commissioner, 36 T.C. 879, 883 (1961). In order for petitioner to deduct business entertainment or meals under section 162, she must show that the expenses were appropriate or helpful to the trade or business, and that they had a reasonably proximate relationship to the operation of her business. Commissioner v. Tellier, 383 U.S. 687, 689 (1966); Deputy v. Du Pont, 308 U.S. 488, 495-496 (1940). Where the taxpayer is an employee, she must show that the employer required or expected her to incur and to bear the expenses without reimbursement. Fountain v. Commissioner, 59 T.C. 696, 708 (1973); Richardson v. Commissioner, T.C. Memo. 1978-322. Petitioner has demonstrated that the business lunch expenses were ordinary and necessary and arose out of the conduct of petitioner's employment as a manager of Advanced Micro Devices. Her management *768 team at AMD expected her to incur any such expenses which would help the firm's business. Although we have found petitioner's business meal expenses of $ 805.38 to be ordinary and necessary, we must also determine to what extent, if any, the limitations set forth in section 274 apply. Petitioner must satisfy certain substantiation requirements, section 1.274-5, Income Tax Regs., in order to deduct the meal expenses. Petitioner has satisfied the substantiation requirements. Her records and testimony indicate that her business lunches took place in the active conduct of her business as it is necessary for her to apprise herself of the latest technology, to continuously seek out appropriate items to purchase, and to become sensitized to the current demands of the market. In addition to meeting substantiation requirements, we must also consider the impact of section 274(k) and (n). It is apparent, and we so hold, that petitioner's business meals with vendors were directly related to her trade or business as an employee of AMD and were associated with the active conduct of her trade or business. We further hold that she has sustained her burden of proving that the meals were not *769 "lavish or extravagant under the circumstances". Sec. 274(k). Petitioner in claiming the deduction must reduce the claimed cost of these business meals as required by section 274(n). That subsection provides that the amount allowable as a deduction for meal expenses "shall not exceed 80 percent of the amount of such expense or item which would (but for this paragraph) be allowable as a deduction under this chapter". Accordingly, of the amount of $ 805.38 claimed and substantiated for business lunches, petitioner is entitled to claim $ 644.30. Meals, Parties, Snacks, and Flower Expenses
Petitioner testified that the costs of meals, parties, doughnuts, candy, and flower expenses, all for the benefit of persons under her supervision, were necessary expenditures in order to maintain high morale of these persons in the often stressful business setting at AMD. While it is certainly an understandable goal to inspire high productivity among fellow employees, we are unable to find that these expenditures were ordinary and necessary expenditures of petitioner as an employee. Petitioner did not establish that she was required or expected by her employer to incur such outlays. She *770 was not reimbursed for these expenditures, and we are not convinced that her employer expected or required petitioner to incur these expenditures as a condition of employment. In order for petitioner to deduct these expenditures as employee business expenses, she must show that these expenses were a condition to her employment. Fountain v. Commissioner, 59 T.C. 696, 708 (1973). While AMD might have been able to deduct some of these expenses as ordinary and necessary business expenses had petitioner been reimbursed, they were not petitioner's expenses to deduct as a manager. Jergens v. Commissioner, 17 T.C. 806, 811 (1951). Accordingly, we sustain respondent's determinations on these issues. Dry Cleaning Expense
Petitioner may not deduct the costs of dry cleaning her work clothes. The general rule is that where business clothes are suitable for general wear, a deduction for them is not allowable. Hynes v. Commissioner, 74 T.C. 1266, 1290 (1980). We said in Hynes that although a business wardrobe is a necessary condition of employment, the cost of such wardrobe is generally *771 considered a nondeductible personal expense under section 262. We have established three criteria for the cost of clothing and maintaining such clothing to be deductible as an ordinary and necessary business expense: (1) The clothing is required or essential in the taxpayer's employment, (2) the clothing is not suitable for general or personal wear, and (3) the clothing is not so worn. Yeomans v. Commissioner, 30 T.C. 757, 767 (1958). Petitioner incurred these cleaning expenses in order to maintain ordinary business clothing, which may be worn for personal use. They are not deductible. We turn now to the question of negligence. Respondent determined that petitioner was liable for additions to tax for negligence under section 6653(a). Negligence under section 6653(a) is lack of due care, or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent's determinations that petitioners' underpayments of tax were due to negligence or intentional disregard of rules or regulations is "presumptively correct and must stand unless *772 the taxpayer can establish that he was not negligent." Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337. Petitioner bears the burden of proving she is not liable for the addition to tax. Rule 142(a); Bixby v. Commissioner, 58 T.C. 781, 802 (1972). We conclude on this record that petitioner was negligent within the meaning of section 6653(a)(1) in her underpayment of tax. To give effect to concessions and to the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code for the year in issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent conceded in regard to Schedule C business expenses disallowed, that petitioner is entitled to deduct $ 2,664 for car expenses, $ 989 for travel expenses, $ 147.59 for supplies, and $ 360 for meals and entertainment. The parties agreed that petitioner is entitled to 2-year depreciation with respect to her computer expenses and 3-year depreciation for her printer and desk expenses. In addition, in regard to Schedule A miscellaneous deductions disallowed, it is agreed that petitioner is entitled to deduct $ 350 for tax return preparation, and that petitioner is not entitled to any claimed vehicle expense. Lastly, respondent concedes petitioner is entitled to deduct $ 430.59 of miscellaneous employee business expenses, and petitioner contends she is entitled to deduct the balance of the total $ 847 claimed.↩
3. By the time of trial, the amount of this claimed expense increased to $ 1,571.28.↩